UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DEJUAN TONY LOWE,

     Petitioner,

v.

RON NEAL,

     Respondent.
_____/

Case No. 1:18-cv-259

Honorable Janet T. Neff

**<u>REPORT AND RECOMMENDATION</u>**

     This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d).  *Day v. McDonough,* 547 U.S. 198, 209 (2006).  After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

## Discussion

I.    Factual Allegations

Petitioner Dejuan Tony Lowe presently is incarcerated with the Indiana Department of Corrections at the Indiana State Prison in Michigan City, Indiana. Petitioner pleaded guilty in the Berrien County Circuit Court to two counts of armed robbery, Mich. Comp. Laws § 750.529, one count of first-degree home invasion, Mich. Comp. Laws § 750.110a(2), and one count of possessing a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b.  On May 10, 2004, the court sentenced Petitioner to two concurrent prison terms of 23 years and 9 months to 70 years on the armed-robbery convictions, one concurrent term of 13 years and 4 months to 20 years on the home-invasion conviction, and a consecutive term of 2 years on the felony-firearm conviction.  Petitioner did not appeal his convictions or sentence to either the Michigan Court of Appeals or the Michigan Supreme Court.

Petitioner's guilty plea and convictions arose out of a series of burglaries and robberies that occurred in Berrien and Cass Counties, Michigan, and St. Joseph County, Indiana.  Petitioner was charged with offenses in both Michigan counties and in Indiana.[1]  Petitioner's Berrien County guilty plea contained a promise that his Michigan sentences would run concurrently with those imposed by the Indiana courts.  Because Indiana law did not permit courts to impose a sentence concurrently with one imposed in

---

[1] In the Cass County cases, Petitioner pleaded guilty to seven counts of armed robbery, four counts of first-degree home invasion, one count of conspiracy to commit first-degree home invasion, and ten counts of felony firearm.  On February 20, 2004, the court sentenced him to seven concurrent prison terms of 25 to 50 years on the armed-robbery convictions, five terms of 12 to 20 years on the home-invasion and conspiracy convictions, and 2 years on the felony-firearm convictions.

Michigan, Indiana defense counsel worked with the prosecuting attorneys and the state departments of corrections to allow Petitioner to serve his Indiana sentence first, permitting Michigan to credit the Indiana incarceration toward the service of his Michigan sentence.  (*See* Letters and Messages of Defense Counsel, ECF No. 1-1, PageID.51-59.)

To effectuate the Michigan plea agreement for concurrent terms, the governors of Michigan and Indiana issued an executive agreement on June 27, 2007, directing that Petitioner be transferred from the custody of the Michigan Department of Corrections to the Indiana Department of Corrections for the entry of a plea and sentence in St. Joseph County, Indiana, and for incarceration on the Indiana sentence and subsequent return to Michigan to complete any remaining Michigan prison term. (Executive Agreement, ECF No. 1-1, PageID.60-62.)  On June 29, 2007, Petitioner's Michigan defense attorney and the Berrien County prosecutor signed a stipulation that, with the consent of the state of Indiana, Petitioner would serve his concurrent Indiana sentence first, after which Petitioner would be returned to Michigan to complete any remaining Michigan term.  (Stipulation, ECF No. 1-1, PageID.19.)  That same date, the Berrien County Circuit Court entered an order directing that, with the consent of the state of Indiana, Petitioner would be incarcerated first in Indiana to serve his Indiana sentences before being returned to Michigan to complete any remaining Michigan sentences. (Berrien Cir. Ct. Order, ECF No. 1-1, PageID.20.)  In addition, Petitioner's Indiana plea agreement, which was conditionally accepted by the Indiana court on July 2, 2007, and finally accepted on July 24, 2007, expressly provided that Petitioner would serve his

3

Indiana sentence first.   (Indiana Plea Agreement, ECF No. 1-1, PageID.63; Indiana Criminal Docket Sheet, ECF No. 1-1, PageID.49.)

On February 1, 2017, Petitioner filed a "Motion to Strike" in the Berrien County Circuit Court, purportedly under Federal Rules of Civil Procedure 12(f) and 60(b)(4), as well as Michigan Court Rules 2.400 and Michigan Court Rule 6.502.  Although Petitioner's motion consists largely of legalese, it appears that he asked the state court to strike the stipulation and order of June 29, 2007, which provided for his transfer to and incarceration in Indiana on the Indiana sentences first.   (Mot. to Strike, ECF No. 1-1, PageID.21-33.)   He argued that, because he was not present at the proceeding during which the stipulation was signed and the order entered, the order was illegal and should be stricken.   He therefore asserted that he should immediately be returned to Michigan and that his Michigan convictions should be set aside.   Petitioner suggests that, due to Indiana's limitation on concurrent sentences, the Berrien County prosecutor had no authority or capacity at the time Petitioner entered his plea to promise that Petitioner's Indiana sentences would run concurrently with his Michigan sentences.   (*Id.*, PageID.23-31.)   The Berrien County Circuit Court returned Petitioner's motion with a letter sent on February 23, 2017, advising Petitioner that the court could not be sure of the nature of the motion, but, if intended to be a motion under Michigan Court Rule 6.502, the motion did not conform to the requirements of the rule.   The court further explained the restrictions on successive motions for relief from judgment.  (Cir. Ct. Letter, ECF No. 1-1, PageID.38.)

4

Petitioner then filed a Motion to Correct Error, in which he argued that the court should not have rejected his Motion to Strike.  (Mot. to Correct Error, ECF No. 1-1, PageID.39-42.)   He thereafter filed a Motion to Alter/Amend Judgment in the Berrien County Circuit Court, this time invoking Federal Rule of Civil Procedure 59.  The motion incorporated by reference Petitioner's prior Motion to Strike.  (Mot. to Alter/Amend J., ECF No. 1-1, PageID.43-46.)  Under cover of a letter dated May 2, 2017, the trial court returned the Motion to Alter/Amend, because it did not comply with the court rules.  (Cir. Ct. Letter, ECF No. 1-1, PageID.47.)

On April 3, 2018, Petitioner filed his habeas corpus petition.   Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner placed his petition in the prison mailing system on March 6, 2018.  (Pet., ECF No. 1, PageID.14.)

II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  Section 2244(d)(1) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

## A.    Analysis under § 2244(d)(1)(A)

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  *See Dodd v. United States*, 545 U.S. 353, 357 (2005).  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).   Petitioner was sentenced on May 10, 2004.  He did not file a direct appeal of his conviction to either the Michigan Court of Appeals or the Michigan Supreme Court.  Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A).  *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition

6

pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review.*") (emphasis added).  Petitioner had one year, or until May 10, 2005, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals.  *See* MICH. CT. R. 7.205(F)(3) (since revised).  Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, his conviction became final when his time for seeking review in that court expired.  *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3) expired); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time expires for seeking state-court review).

Petitioner filed his application on April 3, 2018.  Obviously he filed more than one year after the period of limitations began to run.  Thus, absent tolling, his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a properly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.  *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).  Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not

revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 2005, his collateral motions filed in 2017 did not serve to revive the limitations period.[2]

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

In explanation for his belated habeas application, Petitioner alleges,

[I] [d]id not have knowledge that my rights were violated until I requested and rec[ei]ved my attorney client file from Ms. Julie Verhey of Indiana approximately 6-09. After extensive research I was able to uncover the plot

---

[2] The Court also notes that Petitioner's motions in the Berrien County Circuit Court were all returned to him without being reviewed, because they did not comply with the requirements of the Michigan Court Rules. As a consequence, they were not "properly filed" because their "delivery and acceptance [were not] in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). They therefore could not have served to toll his period of limitations even if such period had not already expired. *Id.*

and scheme of my due process rights being or had been violated.  I raised
questions as to what happened and I was still being misle[]d and dec[ei]ved.

(Pet., ECF No. 1, PageID.13.)  By his own admission, therefore, Petitioner became

aware of the alleged problems at the time he received his attorney-client file in June of

2009 – more than seven years before he first attempted file a motion in state court and

eight years before he filed his habeas petition.  Even if Petitioner could show that the

failure to reveal the existence of the letters between the attorneys amounted to an

"extraordinary circumstance" within the meaning of *Holland*, Petitioner cannot

demonstrate the requisite diligence.  Given that the statute of limitations provides only

one year for a petitioner to pursue his habeas remedy, Petitioner is not entitled to eight

years of tolling in which to "research" his issues.

Moreover, the fact that Petitioner is untrained in the law, was proceeding

without a lawyer, or may have been unaware of the statute of limitations for a certain

period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*,

227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th

Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174

F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se*

petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is not entitled

to equitable tolling of the statute of limitations.

### B.    Analysis under § 2244(d)(1)(D)

Petitioner's habeas application also is time-barred when analyzed under

§ 2244(d)(1)(D).  That section provides that the period of limitations runs from "the date

on which the factual predicate of the claim or claims presented could have been

discovered through the exercise of due diligence."  *Id.*  Under § 2244(d)(1)(D), the time

under the limitations period begins to run is when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts.  *See Redmond v. Jackson*, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000).).  "The question under the provision is not when prisoners first learned of the new evidence; it is when they should have learned of the new evidence had they exercised reasonable care."  *Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004). Furthermore, a habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims.  *Stokes v. Leonard*, 36 F. App'x. 801, 804 (6th Cir. 2002).  Unsupported and conclusory arguments are insufficient to warrant application of § 2244(d)(1)(D).  *Redmond*, 295 F. Supp. 2d at 772; *Grayson v. Grayson*, 185 F. Supp. 2d 747, 750-51 (E.D. Mich. 2002) (holding that a petitioner does not show how the factual predicate could not have been discovered earlier if he fails to indicate the steps he took to discover the claims).  "The key to deciding whether evidence is 'newly discovered' or only 'newly available' is to ascertain when the defendant found out about the information at issue."  *United States v. Turns*, 198 F.3d 584, 587 (6th Cir. 2000).

Here, Petitioner acknowledges that he discovered the factual basis of his claim in June of 2009.  As a consequence, regardless of whether he demonstrated diligence to that point, he was fully aware of the basis for his claim by that date.  Petitioner suggests, however, that he was diligent in researching his claims thereafter, and he suggests that such diligence warrants tolling.  However, section 2244(d)(1)(D) "does not convey a statutory right to an extended delay while a petitioner gathers every possible

scrap of evidence that might support his claim." *Id.* (quoting *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294-95 (E.D.N.Y. 1999)).  "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* (citing *Tate v. Pierson*, 177 F. Supp. 2d 792, 800 (N.D. Ill. 2001), and *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998)).

By his own admissions, Petitioner was aware of the pertinent facts of his claims in June of 2009.  His statute of limitations therefore began to run not later than that date, and it expired in June of 2010.  As a consequence, Petitioner's habeas petition filed in 2018 is time-barred.

### C.    Actual Innocence

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate

reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence.  *Id.* at 1936.

In the instant case, Petitioner neither claims that he is actually innocent nor proffers new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him.  *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).  His habeas petition therefore is time-barred.

### III.    Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.    A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."   28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations.  Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate. *Id.*

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely.  Therefore, I recommend that a certificate of appealability should be denied.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day,* 547 U.S. at 210.  This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

Date: May 10, 2018                              /s/ Ellen. S. Carmody
                                                ELLEN S. CARMODY
                                                U.S. Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).