UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEJUAN TONY LOWE,

     Petitioner,

                                       Case No. 1:18-cv-259

v.

                                       HON. JANET T. NEFF

RON NEAL,

     Respondent.

_____/

## OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition as time-barred by the one-year statute of limitations, 28 U.S.C. § 2244(d), and deny a certificate of appealability (COA). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (ECF No. 3) and Motion for Certificate of Appealability (ECF No. 5). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections, denies the motion, and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

The Magistrate Judge properly determined that Petitioner's petition, which was filed nearly thirteen years beyond the limitations period, was filed late (R&R, ECF No. 2 at PageID.72). A petitioner is entitled to equitable tolling of the limitations period only if he shows "(1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). In explaining the belated nature of his habeas petition, Petitioner pointed to the alleged ineffective assistance of an attorney he contacted in 2009 (ECF No. 1 at PageID.13). The Magistrate Judge determined that "[e]ven if Petitioner could show that the failure to reveal the existence of the letters between the attorneys amounted to an 'extraordinary circumstance' within the meaning of *Holland*, Petitioner cannot demonstrate the requisite diligence" (R&R, ECF No. 2 at PageID.74).

In his objections to the Report and Recommendation, a document he titles a "Petition for Relief of Being Time Barred," Petitioner appears to challenge the Magistrate Judge's determination that he is not entitled to equitable tolling. However, Petitioner does not therein address—let alone demonstrate error in—the Magistrate Judge's tolling analysis. Rather, Petitioner claims that this Court should review his petition because (1) the lower court "lacked jurisdiction for stipulation hearing," and (2) the lower "court denied Petitioner his due process by having the stipulation hearing without the Petitioner presents [sic] or even having the knowledge of the hearing" (Objs., ECF No. 3 at PageID.82-83).

Even assuming arguendo that Petitioner's jurisdictional claim has merit, the fact that he raises a jurisdictional challenge to his conviction does not exempt him from application of the habeas statute of limitations. "Prisoners seeking relief in federal court under § 2254 must bring their claim within the statute of limitations provided by § 2244(d)." *Briscoe v. Eppinger*, No. 18-3041, 2018 WL 3390141, at *2 (6th Cir. May 31, 2018). "There is no exception under the A[nti-Terrorism and] E[ffective] D[eath] P[enalty] A[ct] for subject matter jurisdiction claims." *Id.* (citation omitted). Therefore, the Court will adopt the Report and Recommendation as the Opinion of the Court and deny the habeas petition for the reasons stated by the Magistrate Judge.

Turning to Petitioner's Motion for a Certificate of Appealability, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id.*

Petitioner cannot satisfy the procedural prong of the *Slack* test. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 3) are DENIED, and the Report and Recommendation of the Magistrate Judge (ECF No. 2) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Petitioner's Motion for a Certificate of Appealability (ECF No. 5) is DENIED, and a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is denied as to each issue presented.

Dated: December 14, 2018                                      /s/ Janet T. Neff
                                                             JANET T. NEFF
                                                             United States District Judge